# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2267MN

_____

iNTELEFILM Corporation,                          *
                                                 *
        Appellee,                              *   On Appeal from the United
                                                 *   States District Court
   v.                                             *   for the District of
                                                 *   Minnesota.
Oklahoma Sports Properties, Inc., and            *
Fred Weinberg,                                   *   [Not To Be Published]
                                                 *
        Appellants.                            *

_____

Submitted: February 16, 2001

Filed:   February 26, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      This is an action on five promissory notes, four of which the individual defendant, Fred Weinberg, guaranteed. Recovery is sought in the principal sum of $495,000.00 plus interest. The District Court[1] granted summary judgment for the plaintiff. We affirm, largely for the reasons stated in the well-reasoned opinion of the District Court. Defendants argue that the notes were part of a larger transaction, and

_____

[1]The Hon. Ann D. Montgomery, United States District Judge for the District of Minnesota.

were never meant to be repaid, because they were to have been cancelled once the transaction closed. With respect to four of the notes, totaling $95,000.00, defendants have now abandoned this position, and concede that the notes are due. The fifth note, for $400,000.00, was given in exchange for 82,051 shares of stock in the plaintiff, formerly known as Children's Broadcasting Corporation. If the transaction had gone through, the note would have been cancelled, but this did not occur. The parties dispute whose fault it was that the transaction was never consummated. The important point, in our view, is that the defendant, Oklahoma Sports Properties, Inc., kept the 82,051 shares, later selling most of them to a third party. The note remains unpaid. In these circumstances, we think the District Court correctly held that defendants are liable on the note. They have received no compensation for their shares, and the figure of $400,000.00 was the amount agreed upon.

The judgment of the District Court, enforcing all five of the notes, is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-